# IN THE COURT OF APPEALS OF IOWA

No. 24-1037
Filed December 17, 2025

**TANHYA RANEE FLORES,**
Plaintiff-Appellee,

**vs.**

**HEBERT ARAGON NUNEZ,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Blake H. Norman, Judge.

Hebert Aragon Nunez appeals the district court's issuance of a protective order against him pursuant to Iowa Code chapter 236 (2024). **APPEAL DISMISSED.**

Nathan Sandbothe of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

Richard N. Tompkins Jr., Mason City, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

The district court issued a domestic abuse protective order pursuant to Iowa Code chapter 236 (2024) to protect Tanhya Ranee Flores from Hebert Aragon Nunez. Aragon Nunez appeals. He contends the evidence is insufficient to establish that he committed domestic-abuse assault, so the district court erred by issuing the order.

Before we can address the merits of Aragon Nunez's contention, we must first decide whether this appeal is moot. By its terms, the protective order at issue has expired, which raises the issue of mootness. *See Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) ("Courts exist to decide cases, not academic questions of law. For this reason, a court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter. This is known as the doctrine of mootness." (quoting *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015))). We invited supplemental briefing on the mootness issue, which both parties accepted. Aragon Nunez's brief alleged facts outside the record in support of his claim that we should apply an exception to the mootness doctrine. We are permitted to "consider matters technically outside the district court record in determining a question of mootness." *Id.* But the facts alleged in Aragon Nunez's brief are unsubstantiated, not conceded, and not easily verifiable. The facts alleged are also not "peculiarly within the knowledge" of counsel, so we cannot consider them as a professional statement. *See State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021) (noting that a professional statement is one "used as a matter of convenience and practical necessity to

establish a record of matters peculiarly within the knowledge of an attorney" (cleaned up)).

To give Aragon Nunez the opportunity to substantiate the facts alleged in his supplemental brief, we issued an order permitting Aragon Nunez to file a motion seeking to supplement the record. That order imposed a deadline of twenty-one days for filing the motion and directed that the motion be accompanied by attachments of any evidence he is asking the court to consider. The order also required any attachments to the motion to be authenticated by affidavit or otherwise. Aragon Nunez failed to comply with the order. He filed nothing within the twenty-one-day deadline. When he submitted a filing five days after the deadline expired, the filing was not a motion.[1] Instead, he simply filed a photocopy of an identification card. No affidavit or other form of authentication accompanied the filing of the card.

Due to the untimely nature of Aragon Nunez's filing, the failure to submit the proposed evidence as an attachment to a motion, and the failure to authenticate it, we do not consider the filing. Much of Aragon Nunez's argument for application of exceptions to the mootness doctrine relies on facts alleged in his brief that are not part of our record, and we will not consider those alleged facts for the reasons previously stated. As a result, we disregard any arguments that are based on outside-the-record factual allegations, including those related to Aragon Nunez's

---

[1] Filing a motion was an important term of our order, as the order gave Flores the opportunity to resist the motion and file competing evidence with the same authentication requirements imposed on Aragon Nunez. By failing to file a motion, Aragon Nunez short-circuited the procedure set by the order for Flores to respond to Aragon Nunez's filing.

alleged immigration status. The arguments left for our consideration are that (1) we should apply the collateral-consequences exception to mootness in general to Iowa Code chapter 236 cases, and (2) we should apply the public-importance exception to mootness in general to Iowa Code chapter 236 cases. We address each in turn.

An exception to the mootness doctrine "provides that an appeal is not moot if a judgment left standing will cause the appellant to suffer continuing adverse collateral consequences." *In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013). Aragon Nunez contends this exception applies because the expired order still has a stigmatizing effect on him. We acknowledge that our supreme court has applied the collateral-consequences exception by presuming adverse collateral consequences in an appeal from a mental-health commitment order. *See id.* at 431. And our court has applied *B.B.*'s reasoning to an appeal from a substance-use commitment order. *See In re J.G.*, No. 12-1220, 2013 WL 2107462, at *1–2 (Iowa Ct. App. May 15, 2013). But neither the supreme court nor our court has presumed such adverse collateral consequences in general to chapter 236 protective orders, so we do not make such a presumption here. As Aragon Nunez identifies no specific consequence stemming from the issuance of the challenged order, we will not speculate as to such consequences. *See State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2–3 (Iowa Ct. App. June 21, 2017) (declining to apply the collateral-consequences exception when the claimed consequences are "pure conjecture" or "too attenuated and speculative"). We decline to apply the collateral-consequences exception to the mootness doctrine based on this record.

Another exception to mootness upon which Aragon Nunez relies is the public-importance exception. *Riley Drive*, 970 N.W.2d at 298. We consider four factors to determine whether to apply this exception:

> (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

*Id.* (citation omitted). Though Aragon Nunez argues that the first, second, and fourth factors weigh in favor of applying the exception, we disagree. This is a private dispute, and ruling on the merits will not provide much, if any, guidance to public officials. So, the first two factors weigh against applying the exception. Also, given the fact-specific challenge Aragon Nunez makes here, there is little to no likelihood of recurrence of the issue, so the third factor also weighs against applying the exception. As to the fourth factor, Aragon Nunez has a point that the length of time to process an appeal poses a risk that appeals in chapter 236 cases may evade review. But, as our court has recognized, this risk can be reduced or avoided by requesting expedited briefing. *T.F. v. C.G.*, No. 23-1761, 2025 WL 412059, at *2 (Iowa Ct. App. Feb. 5, 2025). No such efforts to reduce or avoid this risk were made here. After weighing the four factors, we decline to apply the public-importance exception to the mootness doctrine.

As the order being challenged here has expired and no exceptions to the mootness doctrine apply, we dismiss Aragon Nunez's appeal as moot.

**APPEAL DISMISSED.**